| STATE OF LOUISIANA | * | NO. 2018-KA-0355 |
| VERSUS | * | COURT OF APPEAL |
| TEDDY R. MAGEE | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

**JENKINS, J., DISSENTS WITH REASONS**

I respectfully dissent. I find that the State's motion for new trial was untimely and, accordingly, this appeal should be dismissed as untimely. *See State v. Financial Casualty and Surety, Inc.*, 17-1014, 18-0242 (La. App. 4 Cir. 11/7/18), __ So.3d __, 2018 WL 5830381, *writ denied*, 19-0113 (La. 6/17/19), __ So.3d __, 2019 WL 2591160 (finding the State's appeal of the judgment setting aside the bond forfeiture untimely and, thus, that the Court was without merit to address the merits).

The judgments setting aside the bond forfeitures at issue in this appeal were rendered on April 25, 2011 and January 28, 2013; but the State did not file a motion for new trial in the trial court until August 9, 2017. In addressing the timeliness of this appeal, the majority finds that the motion for new trial was timely because "notice of each judgment as required by La. C.C.P. art. 1913 was never effectuated." However, as reasoned by this Court in *Financial Casualty*, *supra*, I find that no notice of judgments was required to be effectuated under La. C.C.P. art. 1913. I find the pertinent facts in this case regarding the timeliness of the appeal to be indistinguishable from *Financial Casualty*.

In this case, the record of each hearing to set aside the bond forfeiture reflects that the State was present at the hearing, raised no opposition to the setting

aside of the bond forfeiture, and was fully aware of the trial court's judgment. I also note that both signed judgments state "READ, RENDERED AND SIGNED in open Court." Thus, the record indicates that the State acquiesced in the judgments setting aside the bond forfeitures and received notice of judgment in open court on the date that each judgment was rendered and signed. Under these facts, I find that La. C.C.P. art. 1913 is inapplicable; and when no notice is required, the delay for applying for a new trial commences on the day after the judgment is signed. *See* Frank L. Maraist, 1 La. Civ. L. Treatise, Civil Procedure § 14.6 (2d ed., 2018).

Based on the record of proceedings, and in light of this Court's recent decision in *Financial Casualty*, 17-1014, 18-0242, __ So.3d __, 2018 WL 5830381, I find the State's appeal of the judgments setting aside the bond forfeitures untimely. Furthermore, I find the majority's opinion directly conflicts with the holding in *Financial Casualty*.[1]

---

[1] In consideration of this conflict in our circuit, I find that this opinion should be referred to the Court *en banc*, "seeking to resolve the precise issue presented in our circuit with a published opinion with a result that is authorized by the judges *en banc*, acting pursuant to our internal operating procedures." *Blow v. OneBeacon America Ins. Co.*, 16-0301, p. 6 (La. App. 4 Cir. 4/20/16), 193 So.3d 244, 249.